IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Honeywell International Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Robert Jeremy Miller, <br><br> Defendant. | No. CV-17-00699-PHX-SPL <br><br> **ORDER** |

On March 8, 2017, Plaintiff Honeywell International Inc. filed a Complaint against former employee Defendant Robert Jeremy Miller, bringing claims for breach of contract and misappropriation of trade secrets.[1] Honeywell alleges that prior to his termination in February 2017, Miller copied and retained confidential customer, pricing, and strategy information, and subsequently divulged that information to his new employer, Blue Sky Network, a competitor of Honeywell.

Honeywell has filed a Motion for Temporary Restraining Order ("TRO") (Doc. 9) and supporting declarations (Docs. 10-12), in which it asks the Court to enter a TRO to reinstate the status quo that existed prior to Miller's apprehension of the purported confidential information. (Doc. 9 at 4.) Honeywell maintains that it will suffer further irreparable harm if Miller is not enjoined from using or disclosing its trade secrets and from violating his non-solicitation agreement.

Rule 65 of the Federal Rules of Civil Procedure authorizes the Court to issue a

---

[1] This case was reassigned to this Court on March 14, 2017. (Doc. 19.)

preliminary injunction or TRO where the party seeking the relief establishes that: "(1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest." *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1124 (9th Cir. 2014) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)).[2]

A TRO enjoining an adverse party without notice may issue only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b) (emphasis added).

Here, Honeywell does not address its efforts to notify Miller of this action, nor presents any reason why notice and an opportunity to respond should not be required. Nor does Honeywell show that immediate and irreparable harm will result in the absence of a temporary injunction. Miller is alleged to have already disclosed the confidential information to his new employer, and has been notified that Honeywell is aware of his actions.[3] Honeywell does not point to any new or imminent harm that will likely incur before the Court can hear a motion for preliminary injunction. Honeywell therefore fails to meet its burden to demonstrate that it is entitled to immediate, temporary injunctive relief. Accordingly,

**IT IS ORDERED** that the Motion for Temporary Restraining Order (Doc. 9) is

---

[2] The standard for granting a temporary restraining order is the same as the standard for preliminary injunctive relief. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

[3] Honeywell alleges that "[o]n March 4, 2017, Honeywell's counsel sent a letter to Miller demanding that Miller confirm in writing that he has ceased any violations of his obligations to Honeywell, and that he has preserved for return to Honeywell any Honeywell property. Honeywell's counsel stated that if counsel did not receive such certification from Miller by the close of business on Tuesday, March 07, 2017, Honeywell would presume that Miller refuses to assure Honeywell that its Trade Secrets are being protected. Miller did not respond or provide any such certification." (Doc. 1 ¶ 30.)

2

**denied**.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file a motion for preliminary injunction following service and appearance by Defendant.

Dated this 14th day of March, 2017.

Honorable Steven P. Logan
United States District Judge