IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Honeywell International, Inc., | No. CV-17-00699-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Robert Jeremy Miller, | |
| Defendant. | |

Plaintiff Honeywell International Incorporated filed a Complaint on March 8, 2017 against Defendant Robert Jeremy Miller alleging breach of contract and trade secret misappropriation, and seeking injunctive relief and damages. (Doc. 1.) On March 15, 2017, the Court denied Plaintiff's request for a temporary restraining order, but granted leave to file a motion for preliminary injunction following service of the Complaint on Defendant.

Plaintiff has filed a motion for "*ex parte* injunctive relief" (Doc. 28) and for alternative service pursuant to Rule 4.1(k) of the Arizona Rules of Civil Procedure (Doc. 36). Both will be denied.

First, because "[t]he court may issue a preliminary injunction only on notice to the adverse party," the request for an *ex parte* relief will be denied. Fed. R. Civ. P. 65(a)(1). *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Zepeda v. U.S. Immigration & Naturalization*

*Serv.*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."); *Erard v. Johnson*, 905 F.Supp.2d 782 (E.D. Mich. 2012) (service of process is a prerequisite to the issuance of an enforceable preliminary injunction); *3M Co. v. Christian Investments LLC*, No. 1:11CV627, 2011 WL 3678144 (E.D. Va. Aug. 19, 2011); *Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004) (declining to authorize alternative method of service retroactively); *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) ("a plaintiff may not generally resort to email service on his own initiative").

Second, because Plaintiff has now filed an affidavit of service by publication (Doc. 38), the requests for *ex parte* relief and for service by alternative means are moot. *See* Ariz. R. Civ. P. 4.1(k) – (l); *Ritchie v. Salvatore Gatto Partners,* 222 P.3d 920, 923 n. 4 (Ariz. Ct. App. 2010) ("The decision whether to pursue personal service or service by publication is that of the plaintiff, not the court [and] [b]ecause the court does not preauthorize service by publication, the determination whether publication constitutes adequate service is made later in the case." (internal citations omitted)).

Rather, as Plaintiff attests it has accomplished service by publication which "is the best means practical and is consistent with due process" (Doc. 38 at 3), and Defendant has failed to answer or otherwise appear, the appropriate method for obtaining the relief requested is by filing an application pursuant to Rule 55 and of the Federal Rules of Civil Procedure.[1] Accordingly,

**IT IS ORDERED** that the motions for *ex parte* injunctive relief and for alternative service (Docs. 28, 36) are **denied without prejudice**.

---

[1] Plaintiff is advised that, upon entry of default pursuant to Rule 55(a), any request for default judgment pursuant to Rule 55(b) must fully address each of the factors set forth in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) and shall include an explanation and evidence sufficient to support any calculation of damages. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (factual allegations of the complaint relating to the amount of damages are not taken as true on a motion for default judgment); Fed. R. Civ. P. 8(b)(2)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). *See e.g., HTS, Inc. v. Boley,* 954 F.Supp.2d 927, 962 (D. Ariz. 2013).

**IT IS FURTHER ORDERED** that Plaintiff shall have until **August 8, 2017** to file an application for entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Dated this 1st day of August, 2017.

_____
Honorable Steven P. Logan
United States District Judge